IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ARTHUR D. HOOKS**                                                                **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 5:15-CV-75-KS-MTP**

**ALCORN STATE UNIVERSITY, et al.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [29] filed by Defendants Alcorn State University, Emma Jackson, Bilal Abu-Bakr, and Dickson Idusugi.  After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

## I.  BACKGROUND

Plaintiff Arthur D. Hooks ("Plaintiff") filed this suit pro se on August 15, 2015, against Defendants Alcorn State University ("Alcorn"), Emma Jackson ("Jackson"), Bilal Abu-Bakr ("Abu-Bakr"), and Dickson Idusugi ("Idusugi") (collective "Defendants").  The Court assumes that the individuals are being sued both in their official and individual capacities.  In his Complaint [1], Plaintiff brings claims under 42 U.S.C. §§ 1983, 1985, and 1986, alleging that Defendants discriminated against him because of his disability,[1] and that a conspiracy existed between Abu-Bakr and Jackson.  Defendants filed their Motion to Dismiss [29] on April 20, 2016.  Plaintiff has filed no response.

## II. DISCUSSION

### A.      Standard of Review

---

[1]Plaintiff does not state what his disability is in his Complaint.

Defendants bring their Motion to Dismiss [29] under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Only Defendants' sovereign immunity defense is brought under Rule 12(b)(1), as sovereign immunity deprives the Court of subject-matter jurisdiction.

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555). A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required. *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).

**B.    Eleventh Amendment Immunity**

Defendants claim that the Eleventh Amendment bars Plaintiff's claims against Alcorn and the named individuals in their official capacity.  "Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state."  *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)).  The Eleventh Amendment bars suit by individuals against non-consenting states and state officials acting in their official capacities.  *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).  The only exception to this bar is that individuals may sue state officials in their official capacities for injunctive relief.  *Id.* (quoting *Quern v. Jordan*, 440 U.S. 332, 337, 99 S. Ct. 1139, 59 L.Ed.2d 358 (1979)).  As Plaintiff only asks for money damages in this case, this exception is inapplicable.

Alcorn is an arm of the State of Mississippi, which has not waived its sovereign immunity under the Eleventh Amendment.  *See* MISS. CODE ANN. § 11-46-5(4).  Therefore, all claims against Alcorn and its employees in their official capacities are barred by the Eleventh Amendment.  Because the Court has no jurisdiction to hear these claims, they will be **dismissed without prejudice**.  *See Warnock*, 88 F.3d at 343 ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice.").

### C.    Qualified Immunity

Defendants argue that Plaintiff's claims against Defendants Jackson, Abu-Bakr, and Idusugi in their individual capacities under 42 U.S.C. § 1983 fail because they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231, 129

3

S. Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982)) (internal quotations omitted).  This doctrine, where applicable, is a bar to suit altogether "rather than a mere defense to liability." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L.Ed.2d 411 (1985)).

There are two steps in deciding whether qualified immunity applies. *Id.* at 232.  "First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a [federal] right." *Id.* (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L.Ed.2d 272 (2001)) (internal citations omitted).  If the plaintiff can establish this, then "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.*  If both steps are satisfied, qualified immunity does not apply.

Plaintiff's § 1983 claims allege that he was intentionally discriminated against due to his disability.  Such claims are normally brought under the Americans with Disabilities Act (ADA) and/or § 504 of the Rehabilitation Act.  The rights and remedies under both of these statutes are identical. *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287-88 (2005).  The Fifth Circuit has held that § 1983 "cannot be used as an alternative method for the enforcement of those rights" under the Rehabilitation Act. *Lollar v. Baker*, 196 F.3d 603, 610 (5th Cir. 1999).  Because its scope is identical, rights under the ADA can similarly not be enforced through a claim under § 1983.

Because no other violations of his rights have been alleged, the Court must find that Plaintiff has not made out a violation of his federal rights within the meaning of § 1983.  Therefore, the individual defendants are entitled to qualified immunity, and the § 1983 claims against them will be **dismissed with prejudice**.

### D.     Claims under 42 U.S.C. §§ 1985 and 1986

Plaintiff brings a civil rights conspiracy claim under 42 U.S.C. § 1985, which requires factual allegations demonstrating:  "(1) a conspiracy; (2) for the purpose of depriving a person of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes . . . a deprivation of any right or privilege of a citizen of the United States." *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir. 2010) (citing *Hillard v. Ferguson*, 30 F.3d 649, 652-53 (5th Cir. 1994)).  In his Complaint [1], Plaintiff makes only a conclusory allegation that a conspiracy exists between Abu-Bakr and Jackson "because they work in the same department," and makes no allegations that they conspired together with the purpose of depriving him of his rights.  Such conclusory allegations cannot defeat a motion to dismiss for failure to state a claim. *See Bowlby*, 681 F.3d at 219.  Plaintiff's claims under § 1985, then, must be **dismissed with prejudice**.

Furthermore, without a claim under § 1985, any claim under § 1986 must fail.  Therefore, Plaintiff's claims under § 1986 will also be **dismissed with prejudice**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants' Motion to Dismiss [29] is **granted**.  Plaintiff's claims under § 1983 against Alcorn and against Defendants Jackson, Abu-Bakr, and Idusugi in their official capacities are **dismissed without prejudice** for lack of subject matter jurisdiction.  All other claims are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 26th day of May, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE